# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| KERON BRODLEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:13-cv-1874-TWP-MJD |
| MARK SEVIER, | ) |
| Respondent. | ) |

## ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Keron Brodley's ("Mr. Brodley") Petition for Writ of Habeas Corpus. Mr. Brodley challenges a prison disciplinary proceeding identified as No. IYC 13-08-0098. For the reasons explained in this Entry, Mr. Brodley's petition must be **DENIED**.

## I. DISCUSSION

### A. Standard

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B.  The Disciplinary Proceeding**

On August 12, 2013, Internal Affairs Investigator Puckett wrote a Report of Conduct ([Filing No. 18 at ECF 1](Filing No. 18 at ECF 1)), charging Mr. Brodley with class A offense 121A, Use and or possession of a cell telephone. The Report of Conduct stated:

> On August 6, 2013[,] 3 cell phones where [sic] found in the recreation building at approx 10:15.  I[,] S. Puckett[,] was able to link two of the cell phones to offender Brodley[,] Keron 201173 through the incoming and out going [sic] call log on the phone and matching it to the offender phone system[.] See Report of Investigation.

The Report of Investigation of Incident ([Filing No. 18 at ECF 2](Filing No. 18 at ECF 2)) documented:

> On 8/6/2013 I was assigned to look into 3 cell phones that were found in the recreation building.  Two of the phones I was able to pull information off of.  Some of the information was phone numbers from incoming and out going [sic] calls. Of these numbers I was able to link 8 phone numbers to offender BRODLEY, KERON L. 201173 phone list.  On 8/9/2013 I did interview offender BRODLEY, KERON L. and he did not cooperate with the investigation but did admit he put the phone numbers on his phone list as a favor to his buddies.  This investigation was completed and assigned case number 0167.

On August 13, 2013, Mr. Brodley was notified of the charge when he was served with the Report of Conduct, the Report of Investigation of Incident, and the Screening Report. Mr. Brodley was notified of his rights, pled not guilty, and requested a lay advocate.  Mr. Brodley did not request any witnesses, but did request "to see all #'s linking me to phone."  On August 27, 2013, the hearing officer conducted a prison disciplinary hearing and found Mr. Brodley guilty of class A offense number 121A, use or possession of a cell phone.  The sanctions recommended and approved were an earned credit time deprivation of 180 days, a demotion from credit class 1 to credit class 2, and a 14 day loss of telephone privileges.  The hearing officer imposed the sanctions because of the serious nature of the offense, Mr. Brodley's attitude and demeanor during the hearing, the degree to which the violation disrupted and endangered the facility, and the likelihood the sanctions would have a corrective effect on Mr. Brodley's future behavior.  In making this

determination, the hearing officer relied upon the staff reports and the "PCS Contact Print" showing the telephone numbers matched those found on Mr. Brodley's offenders contact list (Filing No. 18 at ECF 6). Mr. Brodley declined to comment at the hearing and later appealed to the Facility Head who ruled that:

> Based on evidence and documentation your phone numbers were on the phone. That does not prove you "possessed" the phone. By your statement and other evidence it proves you conspired with and communicated your numbers to someone else. Therefore I'll add the 111A, Conspiring with another and let the offense and sanctions stand.

The second appeal to the Legal Services Division was unsuccessful and the present action ensued.

**C.    Analysis**

Mr. Brodley challenges the disciplinary action taken against him arguing that 1) there were violations of the Adult Disciplinary Procedures ("ADP"); and 2) he was denied evidence and the evidence presented was insufficient to find him guilty.

1.    ADP Violations

Mr. Brodley argues that "the Indiana Department of Corrections' [sic] Disciplinary Hearing Board/Committee have not adhered to their Disciplinary Hearing Policy". But the ADP is an unpromulgated procedure of the Department of Correction, and violations of the ADP do not state a claim for federal habeas relief. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D. Ind. 1997).

2.    Denial and sufficiency of the evidence

Mr. Brodley next argues that there was insufficient evidence to find him guilty and that he was denied evidence because the facility "should have looked towards whether the number was on any other offenders' phone list at the time the offense(s) occurred, or for that matter, on any other offenders phone list at all." Because of this alleged oversight he argues he "was deprived a fair

3

hearing" and further contends that he was denied evidence because he asked for this evidence to be at the hearing. However, the only evidence that Mr. Brodley requested during the screening process was "I would like to see all #'s linking me to phone." ([Filing No. 18 at ECF 3](#)). There were eight telephone numbers provided to Mr. Brodley and Mr. Brodley made "no comment" at the hearing ([Filing No. 18 at ECF 6](#)).

To the extent Mr. Brodley could be understood to argue that he was denied a request for evidence regarding whether the telephone numbers at issue were on any other offenders' telephone list, he has not shown that this information would have changed the outcome of his disciplinary hearing. He has therefore shown no due process error. The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011); *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

Mr. Brodley also has not shown that the evidence was insufficient to find him guilty. In a prison disciplinary proceeding, a verdict of guilt must be supported by at least "some evidence." *Hill*, 472 U.S. at 454. This standard "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id*. at 457. The determination should be upheld if "there is any evidence in the record that could support the conclusion reached." *Id*. Even "meager" proof will suffice so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id*. This is a "lenient" standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (*citing Hill,* 472 U.S. at 457, and *Lenea v. Lane*, 882 F.2d 1171, 1175 (7th Cir. 1989)). A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th

Cir. 1999). Here, the Report of Conduct stated that two of the cell phones could be linked "to offender Brodley Keron 201173 through the incoming and out going [sic] call log on the phone and matching it to the offender phone system". Moreover, the Report of Investigation of Incident explained that the officer "was able to link 8 phone numbers to offender BRODLEY, KERON L. 201173 phone list. On 8/9/2013 I did interview offender BRODLEY, KERON L. and he did not cooperate with the investigation but did admit he put the phone numbers on his phone list as a favor to his buddies."

In other words, the evidence showed that telephone numbers connected to Mr. Brodley were found on the cell phones at issue and that he admitted that those numbers were on his list "as a favor to his buddies." Mr. Brodley appears to argue that the telephone numbers on the cell phones at issue should have been compared to his telephone lists at the time the cell phones were discovered. The cell phones were discovered on August 6, 2013, and the telephone lists were compared on August 8, 2013. This proximity in time, along with Mr. Brodley's statement that he added those numbers "as a favor to his buddies" satisfies the "some evidence" standard. As the Facility Head found, while this evidence may not have supported a finding that Mr. Brodley possessed a cell phone, it did support a finding that he conspired with others. This is so even if the evidence may have pointed to a different conclusion. *See Hill*, 472 U.S. at 457. The Facility Head therefore appropriately changed the offense and upheld the sanction. There was no due process error.

## II. **CONCLUSION**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceedings. Accordingly, Mr. Brodley's Petition for a Writ of Habeas Corpus must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 11/5/2014

_Hon. Tanya Walton Pratt, Judge_
_United States District Court_
_Southern District of Indiana_

DISTRIBUTION:

Keron Brodley, #201173
Miami Correctional Facility
3038 West 850 South
Bunker Hill, Indiana 46914

Kristin Garn
OFFICE OF THE INDIANA ATTORNEY GENERAL
kristin.garn@atg.in.gov